**UNITED STATES COURT OF INTERNATIONAL TRADE**

```
───────────────────────────────x
                               :
ZHEJIANG DINGLI MACHINERY CO., :
LTD.,                          :
                               :
            Plaintiff,         :
                               :   Court No. 24-00221
      v.                       :
                               :
UNITED STATES,                 :
                               :
            Defendant.         :
                               :
───────────────────────────────x
```

## COMPLAINT

Plaintiff Zhejiang Dingli Machinery Co., Ltd. ("Dingli"), by and through its undersigned counsel, hereby alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.　Dingli seeks review of the *Final Results* of the U.S. Department of Commerce, International Trade Administration (the "Department"), in the first administrative review ("AR1") of the antidumping duty ("ADD") order on certain mobile access equipment and subassemblies thereof from the People's Republic of China ("China"), covering the period April 13, 2022 to March 31, 2023, published as *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2022-2023*, 89 Fed. Reg. 88,730 (Nov. 8, 2024) ("*Final Results*").

2.　The challenged determinations, findings, and conclusions are set out primarily in the Department's Issues and Decision Memorandum (Nov. 4, 2024) ("IDM") and Final Analysis Memorandum (Nov. 4, 2024), accompanying the *Final Results*, 89 Fed. Reg. 88,730.

## JURISDICTION

3. This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii) to contest the *Final Results* issued by the Department in AR1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4. Dingli is a foreign producer and exporter of mobile access equipment from China that was selected as a mandatory respondent in AR1. Dingli participated in the Department's proceeding that resulted in the challenged determination and is subject to the *Final Results*. Therefore, Dingli is an interested party as described in 19 U.S.C. § 1677(9)(A) and has standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

5. Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) regarding administrative reviews, must file the summons within 30 days of the date of publication in the Federal Register of the notice of determination. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published the *Final Results* on November 8, 2024.

6. This action was commenced on December 9, 2024, within 30 days of the date of publication of the *Final Results*, by the filing of a Summons. This Complaint is timely filed within 30 days of the filing of Dingli's Summons. Therefore, both the Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.

## BACKGROUND

7. The Department issued the original ADD order on mobile access equipment from China on April 14, 2022. *Certain Mobile Access Equipment and Subassemblies Thereof From the*

*People's Republic of China: Antidumping Duty Order,* 87 Fed. Reg. 22,190 (Apr. 14, 2024).

8.  On June 12, 2023, the Department initiated AR1 with respect to a number of companies including Dingli. *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 88 Fed. Reg. 38,021, 38,025 (June 12, 2023).

9.  In AR1, the Department individually examined the sales of Dingli, which participated by providing the Department with responses to questionnaires, various factual information, and arguments concerning the review. By its preliminary results published on May 1, 2024, the Department preliminarily assigned Dingli an ADD rate of 9.33%. *Certain Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China: Preliminary Results and Partial Rescission of Antidumping Duty Administrative Review; 2022–2023,* 89 Fed. Reg. 35,067, 35,068 (May 1, 2024) ("*Preliminary Results*").

10. The Department preliminarily selected Turkey as the primary surrogate market economy ("ME") country for China, from which the values of the mandatory respondents' factors of production ("FOP") were derived to calculate normal value. Accordingly, the Department used data from Turkish financial statements to calculate financial ratios. Decision Memorandum (Apr. 25, 2024), accompanying *Preliminary Results,* 89 Fed. Reg. 35,067, at 12-13.

11. The Department also preliminarily determined that 77.5 percent of the value of Dingli's U.S. sales pass the Cohen's *d* test, based on the results of the differential pricing analysis. *Id.* at 19. As a result, the Department preliminarily applied the A-T method to all U.S. sales to calculate the weighted-average dumping margin for Dingli. *Id*.

12. Finally, the Department, in its *Preliminary Results*, chose to deduce 301 duties from Dingli's U.S. sales prices when calculating Dingli's dumping margin. *See* Dingli Preliminary

Analysis Memorandum (Apr. 25, 2024), accompanying *Preliminary Results,* 89 Fed. Reg. 35,067.

13. Throughout AR1, Dingli placed surrogate value information on the record for the Department's use in valuing FOPs, including steel inputs. On June 20, 2024, Dingli filed a revised administrative case brief requesting that the Department change its selection of the primary surrogate ME country for China from Turkey to Bulgaria to calculate surrogate FOP values and use Bulgarian financial statements, rather than Turkish, to value financial ratios. Dingli Administrative Case Brief (June 5, 2024), at 3-25.

14. Likewise, Dingli also placed information on the record showing that its U.S. sales groups fail to satisfy the three prerequisite conditions of sufficient size, normality, and equal variances for the Cohen's *d* test. Dingli introduced record evidence showing that the Department's method for determining the denominator in the Cohen's *d* test is unreasonable and that the results themselves are arbitrary. In its administrative case brief, Dingli requested that the Department apply the average-to-average method to all of Dingli's U.S. sales in the *Final Results*, rather than rely on the Cohen's *d* test. *Id*. at 51-56.

15. Lastly, in its administrative case brief, Dingli requested that the Department not deduce 301 duties from its U.S. sales prices. *Id*. at 56-64.

16. On November 8, 2024, the Department published its AR1 *Final Results* and accompanying IDM, rejecting Dingli's arguments by maintaining Turkey as the surrogate ME country for China and continuing to use Turkish, rather than Bulgarian, financial statements for its calculations. Issues and Decision Memorandum at 6-12, 13-20, 21-26. The Department also determined that Dingli's arguments concerning the Cohen's *d* test were moot and continued to rely on the A-T method to calculate Dingli's weighted average dumping margin. *Id*. at 43.

Finally, the Department rejected Dingli's arguments pertaining to the inclusion of 301 duties and continued to deduct them from Dingli's U.S. sales prices. *Id.* at 44-46.

17. As a result, the Department, in its *Final Results*, assigned Dingli an ADD rate of 12.39%.

## STATEMENT OF CLAIMS

### COUNT ONE

18. Paragraphs 1 to 17 are adopted, incorporated, and re-alleged here by reference.

19. The Department's selection of Turkey as the surrogate ME country for China in AR1 is unsupported by substantial evidence and otherwise not in accordance with law. Bulgaria satisfied both statutory criteria by being economically comparable to China and having significant production of mobile access equipment. The Bulgarian data was demonstrably superior to that of Turkey, as evidenced by the record data showing hyperinflation in government controlled skewed exchange rates in Turkey.

### COUNT TWO

20. Paragraphs 1 to 17 and 19 are adopted, incorporated, and re-alleged here by reference.

21. The Department's selection of Turkish financial statements in AR1 is not supported by substantial evidence and not in accordance with law because the Turkish financial statements used in the *Final Results* are distortive, as expenses and revenue were not adjusted for hyperinflation, the statements themselves are distorted by countervailable subsidies, and the ratio calculations contain errors.

### COUNT THREE

22. Paragraphs 1 to 17, 19, and 21 are adopted, incorporated, and re-alleged here by reference.

23. The Department's rejection of Bulgaria as the primary surrogate country choice in AR1 is

not supported by substantial evidence and not in accordance with law because record evidence shows that Bulgaria provides undistorted and product-specific surrogate value data on a per kilogram basis for all material inputs and non-materials surrogate values as well as undistorted financial statements of comparable merchandise producers that Turkey failed to offer.

## COUNT FOUR

24.     Paragraphs 1 to 17, 19, 21, and 23 are adopted, incorporated, and realleged here by reference.

25.     The Department's application of the Cohen's *d* test to Dingli's U.S. Sales is unsupported by substantial evidence and not in accordance with law because: (1) Dingli's U.S. sales groups fail to satisfy the three prerequisite conditions of sufficient size, normality, and equal variances; (2) the Department's method for determining the denominator in the Cohen's *d* test is unreasonable; and (3) the results of the Cohen's *d* test are arbitrary.

## COUNT FIVE

26.     Paragraphs 1 to 13, 15, 17, 19, and 21 are adopted, incorporated, and realleged here by reference.

27.     The Department's decision to deduct Section 301 duties from Dingli's U.S. sales prices when calculating Dingli's dumping margin is unsupported by substantial evidence and not in accordance with law because: (1) Section 301 duties are not "United States Import Duties" for purposes of 19 U.S.C. § 1677a(c)(2)(A); (2) Section 301 duties are "Special Duties," which should not be deducted from the U.S. sales price; (3) deducting 301 duties would likely "Double-Count" antidumping duties; (4) deducting Section 301 duties from U.S. price is procedurally defective and contrary to the United States's WTO obligations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

(a) hold that the Department's *Final Results* are unsupported by substantial evidence and otherwise not in accordance with law;

(b) remand the *Final Results* with instructions to issue a new determination consistent with this Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

                    Respectfully submitted,

                    */s/ Dharmendra N. Choudhary*
                    Ned H. Marshak*
                    Dharmendra N. Choudhary
                    Jordan C. Kahn

                    GRUNFELD, DESIDERIO, LEBOWITZ
                    SILVERMAN & KLESTADT LLP

                    *599 Lexington Avenue, Floor 36
                    New York, New York 10022
                    (212) 557-4000
                    -and-
                    1201 New York Ave., NW, Ste. 650
                    Washington, DC 20005
                    (202) 783-6881

                    *Counsel to Plaintiff Zhejiang Dingli Machinery Co., Ltd.*

Dated: January 8, 2025

## CERTIFICATE OF SERVICE

I certify that copies of the Complaint, filed on January 8, 2025, in Case Number 24-00221 were served by certified mail, return receipt requested, on this January 8, 2025, upon each of the interested parties listed below.

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

General Counsel
Office of the Chief Counsel for
Import Administration
**U.S. Department of Commerce**
14th Street & Constitution Ave., NW
Washington, D.C. 20230

Laura El-Sabaawi, Esq.
**Wiley Rein LLP**
2050 M Street, NW
Washington, DC 20036

Brady W. Mills, Esq.
**Morris, Manning & Martin, LLP**
1333 New Hampshire Avenue, NW
Suite 800
Washington, DC 20036

Matthew J. McConkey, Esq.
**Mayer Brown, LLP**
1999 K Street, NW
Washington, DC 20006


*/s/ Dharmendra N. Choudhary*
Ned H. Marshak*
Dharmendra N. Choudhary
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP

*599 Lexington Avenue, Floor 36
New York, New York 10022
(212) 557-4000

1201 New York Avenue, NW
Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiff Zhejiang Dingli Machinery Co., Ltd.*

13086140_1