**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| ZHEJIANG DINGLI MACHINERY CO., LTD.,<br>*Plaintiff*,<br>v.<br>UNITED STATES,<br>*Defendant*,<br>and<br>COALITION OF AMERICAN MANUFACTURERS OF MOBILE ACCESS EQUIPMENT,<br>*Defendant-Intervenor*. | Ct. No. 24-00221-MMB |

**ORDER TO SHOW CAUSE**

Dingli has moved for judgment on the agency record. Its corrected opening brief (ECF 52) asserts that the U.S. Department of Commerce participated in a Canadian government antidumping proceeding:

- "Commerce disregards the de-dollarization of the Turkish economy during July 2021 – August 2022, which was recognized *by Commerce* in the Canadian AD investigation on Turkish rebar." *Id.* at 25 (emphasis added).

- "Yet Commerce claims that 'the Canadian government's determination is based on its own distinctive record information . . . [and] does not serve as a binding precedent.' IDM at 10, Appx1047. This alibi is unavailing because the record in this proceeding does not contain any information contradicting *Commerce's* factual findings in the Canadian investigation." *Id.* at 25–26 (alterations in original and emphasis added).

Neither of the foregoing statements cites any evidence—record or otherwise—to support the assertions made.[1] Nor does Plaintiff explain what role the Department purportedly played in the Canadian investigation or the basis on which it may have participated, much less what "factual findings" it made there.

The statements quoted above are so outlandish as to appear to be the product of hallucination, either by a human being or by artificial intelligence. Within 14 days, Plaintiff shall file a statement that substantiates the assertions that Commerce participated, and made factual findings, in the Canadian investigation by citing evidence to prove its statements and to explain the U.S. agency's role.

If Plaintiff is unable to substantiate the factual assertions in question, it must show cause why the court should not sanction it and/or counsel for violating USCIT Rule 11(b)(3). *See also* USCIT R. 11(c)(1). In that case, it must also submit declarations explaining who (or what, including artificial intelligence or other software program) participated in writing and editing the brief, including who (or what) specifically authored the statements quoted above.

[1] Dingli cites its case brief for the first assertion. *See id.* at 25 (citing Appx2843). A case brief is not evidence, and the case brief itself makes no mention of any involvement by Commerce. *See* Appx2843–2845.

The foregoing sentence includes, but is not limited to, employees of Plaintiff and its counsel, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP.

Dated: September 22, 2026
New York, New York

/s/ *M. Miller Baker*
M. Miller Baker, Judge